**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2546-WJM-CBS

TRACI AYON,

    Plaintiff,

v.

KENT DENVER SCHOOL, and
JERRY WALKER,

    Defendants.

---

**ORDER ADOPTING THE RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

---

In this civil action, Plaintiff Traci Ayon ("Plaintiff") brings claims against her former employer Defendants Kent Denver School and Associate Head of School Jerry Walker (together "Defendants"). (ECF No. 11.) This matter is before the Court on the Recommendation by U.S. Magistrate Judge Craig B. Shaffer that Defendants' Motion for Leave to Amend Answer ("Motion") (ECF No. 40) be granted in part and denied in part, and that Plaintiff's Motion to Amend Complaint be denied ("Recommendation"). (ECF No. 53.) Defendants filed a timely Objection to the Recommendation (ECF No. 57), and Plaintiff filed a Response to the Objection (ECF No. 58). For the reasons set forth below, Defendants' Objection to the Recommendation is OVERRULED, the Magistrate Judge's Recommendation is ADOPTED, Defendants' Motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion is DENIED.

## I.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

## II.  BACKGROUND

Defendant Kent Denver School ("Kent Denver") is a private school serving students in grades six through twelve.  (ECF No. 27-9 at 6.)  Kent Denver operates a child care center serving children of Kent Denver's faculty who are six weeks through three years of age.  (*Id.* at 3.)  Plaintiff was employed by Kent Denver to work at the child care center from September 2009 until June 2012.  (Am. Compl. (ECF No. 11) ¶¶ 5, 23-24.)  Defendant Jerry Walker, the Associate Head of School, drafted and offered Plaintiff's employment contracts, and negotiated her salary with her.  (ECF No. 13 ¶ 9.)  Plaintiff was terminated from her employment at Kent Denver in June 2012.  (Am. Compl. ¶¶ 23-24.)

In August 2012, Plaintiff filed this action in the Denver County District Court bringing both state and federal claims against Defendants. (ECF No. 1.) Defendants removed the action to this Court on September 25, 2012 based on Plaintiff's federal claims. (*Id.*) Plaintiff subsequently amended her Complaint on October 22, 2012. (ECF No. 11.) On October 26, 2012, Defendants filed a Motion to Dismiss Certain Claims in the Amended Complaint (ECF No. 12), which was granted on April 26, 2013 (ECF No. 39).

On December 4, 2012, a Scheduling Conference was held before Magistrate Judge Shaffer in which the deadline to amend pleadings was set for January 18, 2013. (ECF No. 21.)  Though discovery can begin any time after the Scheduling Conference is held, Plaintiff's deposition—the first deposition taken in the case—was not taken until May 24, 2013. (*See* ECF No. 56 at 4, 29-30.)  During Plaintiff's deposition, Defendants discovered for the first time certain information regarding the circumstances of Plaintiff's separation from her prior employment. (*Id.* at 4.)  After conducting research and consulting with relevant witnesses, Defendants believed that this information supported asserting the after-acquired evidence doctrine as an affirmative defense. (*Id.* at 4-7.)

On July 17, 2013, Defendants' counsel sent an e-mail to Plaintiff's counsel requesting Plaintiff's position with respect to Defendants' proposed amendments to their Answer, including the addition of the after-acquired evidence affirmative defense. (ECF No. 54-1 at 5.)  On July 26, 2013, the discovery deadline elapsed.  (ECF No. 21.)

On August 15, 2013, after counsel had exchanged numerous conferral e-mails regarding Defendants' proposed Amended Answer and other issues, Plaintiff's counsel informed Defendants' counsel that Plaintiff would likely be amenable to stipulating to the

Amended Answer.  (ECF No. 54-1 at 1-2.)  However, the following day, on August 16, 2013, Plaintiff's counsel e-mailed Defendants' counsel again, stating that after further consideration, Plaintiff would prefer a stipulation agreeing to mutual amendment of Plaintiff's Complaint and Defendants' Answer.  (*Id.* at 13-14.)  The parties' counsel exchanged several additional e-mails in which the parties failed to agree to mutually amend their pleadings.  (*Id.*)  On August 20, 2013, Defendants' counsel notified Plaintiff's counsel of their intent to file a Motion for Leave to Amend Answer.  (*Id.* at 12.)   On August 23, 2013, Plaintiff's counsel notified Defendants' counsel of their opposition to the amendment, and Defendants filed their Motion the same day.  (ECF No. 40.)  Plaintiff moved to amend her Complaint on September 4, 2013.  (ECF No. 44.)  Defendants oppose this motion.  (ECF No. 51.)

On September 26, 2013, the Magistrate Judge held a hearing on the parties' respective Motions to Amend.  (ECF No. 52.)  After hearing from the parties, the Magistrate Judge issued his Recommendation from the bench, which is discussed in detail below.  (ECF No. 56.)  Defendants filed a timely Objection to the Recommendation (ECF No. 57), and Plaintiff filed a Response to the Objection (ECF No. 58).

### III. ANALYSIS

The Magistrate Judge's Recommendation contains the following findings and conclusions:  (1) Defendants failed to establish good cause to amend their Answer to add the affirmative defense of after-acquired evidence; (2) Defendants failed to establish good cause to amend their Answer to add the affirmative defense of set-off; (3) Defendants should be permitted to make two unopposed amendments to their Answer to correct errors

and reflect the current status of the case; and (4) Plaintiff failed to establish good cause to amend her Complaint. (ECF No. 56.) Defendants object only to the first of these findings. (ECF No. 57.) The Court will review *de novo* the portion of the Recommendation to which a specific objection was made. Otherwise, the Court will review the Recommendation for clear error. *See Summers*, 927 F.2d at 1167.

Where a party seeks to amend its pleadings after the deadline for such amendments set forth in the scheduling order, the Tenth Circuit has not definitively stated whether the "good cause" standard of Federal Rule of Civil Procedure 16(b) to modify the scheduling order must be met. *See Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009). However, the majority of courts have held that the party must meet the two-part test of first showing good cause to amend the scheduling order under Rule 16(b), and then showing that amendment should be allowed under Rule 15(a).[1] *Id.* ("Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated. . . . This circuit, however, has not ruled on that question in the context of an amendment to an existing pleading.") (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) ("We do not decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements.")).

---

[1] The Magistrate Judge followed the two-part test in his Recommendation, and the parties here appear to agree that both Rule 16(b) and Rule 15(a) must be satisfied to permit such a belated amendment. (*See* ECF Nos. 56 at 33-35; 57 at 3; 58 at 3.) Given the parties' agreement and lack of any objection to the Magistrate Judge's determination of the standard of review, the Court will follow the majority rule and apply the two-part test.

Under Rule 16(b)(4), the scheduling order "may be modified only for good cause and with the judge's consent," requiring the moving party to show that a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's note. As noted in the Recommendation, in contrast to the more lenient standard of Rule 15(a), Rule "16(b) does not focus on the bad faith of the movant or the prejudice to the opposing party . . . . Properly construed, good cause means that scheduling deadlines cannot be met despite a party's diligent efforts. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (ECF No. 56 at 35.) District courts are "afforded wide discretion" to apply the "good cause" standard under Rule 16(b). *Bylin*, 568 F.3d at 1231.

In the Recommendation, the Magistrate Judge found that Defendants' counsel's delays in deposing Plaintiff, conferring with Plaintiff's counsel, and filing their Motion for Leave to Amend failed to demonstrate the diligence required for a finding of good cause under Rule 16(b). (ECF No. 56 at 35-36.) Defendants' Objection argues that after discovering the relevant information in Plaintiff's deposition, Defendants worked diligently to research the issue and "complete the mechanics of representation", and then were delayed by Plaintiff's failure to definitively state her position on the amendment. (ECF No. 57 at 6-7.) Immediately upon receiving a final answer that Plaintiff would oppose the amendment, Defendants filed their Motion, indicating that Plaintiff's actions caused this latter delay. (*Id.* at 9.)

After reviewing the parties' arguments in their briefs and in the hearing before the Magistrate Judge, the Court agrees with the Magistrate Judge's Recommendation.

Although any one of the several delays that led to the late filing of Defendants' Motion may not vitiate any finding of diligence, the cumulative effect of all the delays here prevents Defendants from establishing good cause under Rule 16(b).

Defendants inexplicably waited five months from the beginning of the discovery period before taking the deposition of Plaintiff, arguably the most important witness in the case. After discovering the key information for the purposes of the after-acquired evidence doctrine during Plaintiff's deposition, Defendants spent two months allegedly conducting research and interviewing witnesses to determine whether the defense applied. Defendants explain that although Plaintiff's deposition established the existence of the first element of the defense, namely that Plaintiff concealed or misrepresented a material fact, Defendants had to investigate whether the second and third elements were met, namely whether Defendants were made aware of the information prior to discharging Plaintiff, and whether they would not have hired her if they had been so aware. (ECF No. 57 at 5 n.1.) The Court finds it implausible that, with a client as small and local as Kent Denver School, counsel could not conduct the required research and witness interviews in less than two months. In the exercise of diligence, even with Defendants' apparent need to interview a former employee of Kent Denver, such a determination should have taken a matter of a few days. (*See* ECF No. 56 at 6-7; *see also id.* at 30 (noting that the relevant former employee was deposed on June 24, 2013, three weeks before Defendants initiated conferral with Plaintiff).)

The Court is not swayed by Defendants' attempt to blame its delays in the conferral process on Plaintiff's counsel, and agrees with the Recommendation that, when faced with

an opposing counsel that fails to grasp the urgency of the Rule 16(b) standard, the burden is on the moving party to conclude conferrals in a timely manner. (*See* ECF No. 56 at 12-13.) The Court finds particularly disingenuous Defendants' argument that they were delayed because Plaintiff's counsel led them to believe that Plaintiff would stipulate to the amendment. (*See* ECF No. 57 at 8-9.) Plaintiff's first suggestion of a likely stipulation occurred on August 15, 2013, which suggestion was withdrawn the following day, August 16, 2013, when Plaintiff instead requested Defendants' stipulation to her own amendment as a *quid pro quo*. Plaintiff's proffered consent, then withdrawal of the same, excuses a single day's delay, not the protracted five-week conferral period that elapsed here.

Finally, the Court is unpersuaded by Defendants' citation to this Court's decision in *James v. Fenske*, 2012 WL 592855 (D. Colo. Feb. 23, 2012). In *James*, the relevant information identifying a potential new plaintiff was discovered one month after the deadline to amend pleadings, after which the plaintiff's counsel took two months to meet with the new plaintiff, agree to a retainer and fee agreement, draft an amended complaint incorporating the new plaintiff, and file the motion for leave to amend. *Id.* at *3. The motion was ultimately filed just over two months after the deadline to amend pleadings elapsed. *Id. James* is not analogous to the delays here, where the Motion was filed more than seven months after the deadline to amend pleadings, and the new information led to minimal research and a one-line proposed amendment.

In sum, the Court finds that Defendants' cumulative delay in moving to amend their Answer did not demonstrate reasonable diligence, and Defendants therefore fail to make

a showing of good cause under Rule 16(b) to modify the scheduling order to permit their requested amendment. Thus, the Court need not consider whether Defendants met the Rule 15(a) standard to amend their pleadings. The Court agrees with the Recommendation that Defendants' Motion be denied with respect to the addition of the after-acquired evidence affirmative defense.

Defendants did not object to the Recommendation's finding that no good cause showing had been made with respect to the affirmative defense of set-off, nor did Defendants object to the Recommendation that amendments to the Answer be permitted insofar as they seek to correct a previous factual admission and to reflect the status of the case after the dismissal of multiple claims in the Court's April 26, 2013 Order (ECF No. 39). Therefore, the Court need not make a *de novo* determination of these issues, and need only review for clear error on the face of the record. *See Summers*, 927 F.2d at 1167 (a court may review for clear error where no specific objections are made to a recommendation). Finding no clear error, the Court adopts these findings and conclusions, denies Defendants' request to add the affirmative defense of set-off, and grants Defendants' request to correct their admission and to accurately reflect the status of the claims remaining in this case.

Finally, Plaintiff filed no objection to any of the findings in the Magistrate Judge's Recommendation. The Court has reviewed the Recommendation and finds that Plaintiff conceded that she had failed to make a good cause showing under Rule 16(b) to amend her complaint, leading the Magistrate Judge to recommend denying Plaintiff's Motion. (*See* ECF No. 56 at 27-29.) Finding no clear error on the face of the record, the Court

accepts Plaintiff's concession, agrees with the Recommendation that Plaintiff failed to meet the Rule 16(b) standard, and denies Plaintiff's Motion for Leave to Amend Complaint.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Objection (ECF No. 57) to the Magistrate Judge's October 9, 2013 Recommendation is OVERRULED and the Recommendation (ECF No. 53) is ADOPTED;

2. Defendants' Motion to Amend Answer (ECF No. 40) is GRANTED IN PART and DENIED IN PART;

3. Defendants' Answer may be amended on or before January 17, 2014, solely to correct a date in Defendants' previous admission that has since been proven inaccurate, and to reflect the status of the case after the Court's April 26, 2013 Order Granting Defendants' Motion to Dismiss (ECF No. 39), but no additional affirmative defenses may be asserted;

4. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 44) is DENIED; and

5. This matter remains set for a five-day jury trial to commence at 8:00 a.m. on September 29, 2014 in Courtroom A801.

Dated this 9th day of January, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge